UNITED STATES, Appellee

v

RICHARD W. SMEDLEY, Sergeant, U. S. Army, Appellant

15 USCMA 174, 35 CMR 146

No. 17,786

December 11, 1964

Captain Mervyn Hamburg argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel Jacob Hagopian and Colonel Joseph L. Chalk.

Captain John C. Cortesio, Jr., argued the cause for Appellee, United States. With him on the brief were Colonel Edwin G. Schuck, Lieutenant Colonel Francis M. Cooper, Captain John F. Webb, Jr., and First Lieutenant Richard J. Andriolo.

### Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of willful disobedience of the lawful orders of his superior Warrant Officer, in violation of Uniform Code of Military Justice, Article 91, 10 USC § 891, and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for six months, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The board of review, affirming, reduced accused's punishment to forfeiture of $70.00 per month for six months, confinement at hard labor for a like period, and reduction. We granted Sergeant Smedley's petition for

174

review on the issue whether the law officer erred to his prejudice in his instructions to the court-martial regarding the defense of lack of mental responsibility.

At the trial, expert testimony was adduced by the defense which indicated that the accused committed  the offenses charged during an epileptic seizure, which rendered him incapable of meeting the standards laid down in military law for mental responsibility. While other evidence controverted this conclusion, it is clearly sufficient to raise an issue for decision by the fact finders concerning accused's amenability to criminal penalties for his alleged misconduct. Cf. United States v Alphin, 15 USCMA 14, 34 CMR 460; Fitts v United States, 284 F2d 108 (CA 10th Cir) (1960); United States v Currens, 290 F2d 751 (CA 3d Cir) (1961).

The law officer's instructions regarding mental responsibility included, as a governing test, reference to whether the accused would have committed the acts charged, had the circumstances been such that he could expect immediate detection and apprehension. Such was erroneous and, in light of the issue presented for the decision of the fact finders, prejudicially so. United States v Jensen, 14 USCMA 353, 34 CMR 133; United States v Jordan, 14 USCMA 393, 34 CMR 173; United States v Moore, 14 USCMA 418, 34 CMR 198; United States v Alphin, supra.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.