UNITED STATES, Appellee

v

HYMAN HACKER, Specialist Five,
U. S. Army, Appellant

15 USCMA 419, 35 CMR 391

No. 18,245

June 4, 1965

*Captain Clifford B. Hearn, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Captain Richard J. Andriolo* argued the cause for Appellee, United

States. With him on the brief were *Colonel Edwin G. Schuck* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial convened at Fort Eustis, Virginia, the accused was found guilty of several counts of committing indecent, lewd, and lascivious acts with children, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge and confinement at hard labor for eighteen months. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon the issue whether the law officer erred to accused's prejudice by including in his instructions on mental responsibility a controlling reference to the so-called "policeman at the elbow" test.

There is no doubt the law officer's instructions are erroneous, as they incorporate advice to the effect that "If the accused would not have committed the act if the circumstances were such that he could have expected immediate detection and certain apprehension, he cannot be said to have acted under an inability to adhere to the right." We so held in United States v Jensen, 14 USCMA 353, 34 CMR 133, and have since consistently adhered to that view. See United States v Jordan, 14 USCMA 393, 34 CMR 173; United States v Moore, 14 USCMA 418, 34 CMR 198;

United States v Alphin, 15 USCMA 14, 34 CMR 460; and United States v Mathis, 15 USCMA 130, 35 CMR 102. The Government, however, urges that no prejudice could result from the erroneous advice, as the evidence did not place accused's mental responsibility in issue. Pointing to expert testimony at the trial that the accused was able to distinguish right from wrong and to adhere to the right, it casts off lay testimony to the contrary as nothing more than unsupported assertions of mental distress.

A majority of the Court is of the view that sufficient evidence was presented on the merits of the case to place mental responsibility in issue. The error, therefore, was prejudicial. Chief Judge Quinn would hold the evidence was insufficient to raise the question and to justify the instruction. See United States v Shaw, 13 USCMA 144, 32 CMR 144.

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Army. A rehearing may be ordered.

Judge KILDAY concurs.

Chief Judge QUINN dissents.