UNITED STATES, Appellee

v

LUCKY A. GOLDBERG, Seaman Recruit,
U. S. Navy, Appellant

16 USCMA 627, 37 CMR 247

No. 19,975

April 21, 1967

*Major L. G. Bohlen,* USMC, was on the pleadings for Appellant, Accused.
*Major Ernest B. Wright,* USMC, was on the pleadings for Appellee,
United States.

## Opinion of the Court

FERGUSON, Judge:

Tried before a special court-martial convened at Pensacola, Florida, by the Commanding Officer, U. S. Naval Air Station, the accused was found guilty of disrespect to a superior petty officer, who was then in the execution of his office, in violation of Uniform Code of Military Justice, Article 91, 10 USC § 891. He was sentenced to bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $54.00 per month for three months. The convening authority approved the sentence. The supervisory authority suspended the bad-conduct discharge, with provision for automatic remission. The board of review affirmed. We granted accused's petition for review on the basis of the president's instructions on mental responsibility, which included reference, as a controlling factor, to the so-called "policeman at the elbow test."

The charge against the accused arose out of an emotional imbroglio with a brig guard. Psychiatric testimony was received to the effect that, in such a situation, the accused was unable, because of his mental condition, to adhere to the right. Thus, as the board of review found, the issue of mental responsibility was "clearly before the court below." As the issue was thus raised, it was prejudicial error for the president to instruct the court-martial, as he did, that if "accused would not have committed the act had the circumstances been such that immediate detection and apprehension were certain, he cannot be said to have acted under an irresistable [sic] impulse." United States v Jensen, 14 USCMA 353, 34 CMR 133; United States v Jordan, 14 USCMA 393, 34 CMR 173; United States v Moore, 14 USCMA 418, 34 CMR 198.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

In my opinion, the challenged instruction presents no fair risk of prejudice to the accused and, therefore, does not justify reversal of an otherwise unimpeachable conviction. See my dissent in United States v Mathis, 15 USCMA 130, 134, 35 CMR 102; United States v Hacker, 15 USCMA 419, 35 CMR 391.

The erroneous instruction is as follows: "If the accused would not have committed the act had the circumstances been such that immediate detection and apprehension were certain, he cannot be said to have acted under an irresistable [sic] impulse." Since the accused committed the offense in the brig against the turnkey of the brig, "detection and apprehension" were absolutely certain. Consequently, the instruction was, if anything, beneficial to the accused. I would affirm the decision of the board of review.